UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT CINCINNATI

JENNIFER LAVAN HUXOL, :

    *Plaintiff*, : Case No.:

v. :

MASSACHUSETTS MUTUAL LIFE
INSURANCE COMPANY :

    *Defendant*. :

    :

**COMPLAINT WITH JURY DEMAND**

COMES NOW, Plaintiff Jennifer LaVan Huxol ("LaVan" or "Plaintiff"), by and through the undersigned counsel, hereby states her Complaint against Defendants, Massachusetts Mutual Life Insurance Company ("Mass Mutual") and says as follows:

**BACKGROUND**

1. This action is initiated on behalf of the insured, Jennifer LaVan Huxol, under a disability policy issued by Mass Mutual under policy No. 8673872, to Plaintiff on January 28, 2009. This policy insured Plaintiff in the event of disability under the terms of the policy.

2. This is an individual policy Plaintiff purchased herself on January 28, 2009. Therefore, this insurance policy is not subject to the provisions of the Employment Retirement Income Security Act of 1974 as amended, 29 U.S.C. § 1011, *et seq* ("ERISA").

3. Plaintiff seeks damages for breach of contract for Defendants' failure to pay and denial of her claims for disability benefits. The benefits that are available to her under the policy are set forth in an Individual Insurance Policy (hereinafter referred to as "the policy"), identified

as Policy No. 8673872. Plaintiff also brings claims for bad faith related to Defendant's denial of benefits, exemplary damages, tortious interference with a contract, and civil conspiracy.

4. The policy defines "occupation" as follows:

> "Occupation – The Insured's regular profession(s) or business(es) at the start of Disability."

5. The policy defines "Disability, Disabilities, or Disabled" as follows:

> "Disability, Disabilities or Disabled – The occurrence While this Policy is In Force of a Total Disability. If the Partial Disability benefits Rider, Extended Partial Disability Benefits Rider or Group Supplement Disability Benefits Rider are In Force, this also includes the occurrence of Partial Disability while the Policy is In Force."

6. The policy defines "Total Disability" as follows:

> "Total Disability – The occurrence of a condition caused by Sickness or Injury, in which the Insured cannot perform the main duties of his/her Occupation and is not working at any other occupation. The Insured must be under Doctor's care. The Disability must begin while the Policy is In Force.

## PARTIES AND JURISDICTION

7. At all times relevant to this action, Plaintiff was, and remains, a resident of Hamilton County, Ohio. At all times relevant, Plaintiff was insured for the loss of her ability to perform her occupation as a Management Consultant by Defendants under policy No. 8673872.

8. Defendant Mass Mutual is a for-profit corporation with its principal place of business at 1295 State Street, Springfield, Massachusetts 01111. Mass Mutual is authorized to engage in the insurance business in the state of Ohio and was doing business in Hamilton County.

9. This is a civil action for damages in excess of $75,000 exclusive interest and costs.

13. This Court has diversity jurisdiction because the Defendant and Plaintiff are citizens of different states and the amount in controversy exceeds $75,000. This action is properly brought in the Southern District of Ohio because the conduct alleged herein occurred within this district, the Plaintiff resides in Hamilton County, the Defendant insures individuals engaging in business throughout Ohio and Hamilton County.

## FACTUAL ALLEGATIONS

10. Plaintiff was employed by Nielsen Company's Workforce Optimization at the time she was covered under the relevant policy.

11. On November 22, 2019, Plaintiff applied for disability benefits, stating that her last day of full-time work was in June 2020 and her first date of treatment was 2016 for her disabling conditions.

12. On February 10, 2020, she clarified that her partial disability began on January 1, 2017. Mass Mutual then requested an Attending Physician Statement from her treating provider.

13. On April 9, 2020, Mass Mutual denied Plaintiff's claim, alleging that she failed to submit the necessary physician statement.

14. On June 5, 2020, Plaintiff underwent a functional capacity evaluation (FCE). During the evaluation, she reported pain in her upper back, lower back, and neck, as well as dizziness and fatigue, which were believed to be lingering symptoms from shingles.

15. The FCE objectively documented that Plaintiff was unable to sustain employment as a management consultant, particularly given the significant travel requirements of her Occupation.

16. An MRI revealed mild degenerative disease in several areas of her lumbar spine, with moderate facet disease at L4-L5.

17. On June 27, 2020, a second MRI confirmed mild degenerative disc disease at multiple levels, particularly at L4-L5, along with moderate facet arthropathy and bilateral foraminal stenosis.

18. Plaintiff's treating physician, Dr. Deborah Fritz, reviewed and endorsed the FCE findings.

19. Plaintiff appealed the denial of her claim on November 20, 2020, and submitted updated medical support evidencing her entitlement to LTD benefits under the policy.

20. On September 24, 2021, Mass Mutual approved Plaintiff's claim based on her disability beginning on June 5, 2020.

21. The 90-day elimination period ended on September 20, 2020, and Mass Mutual began paying benefits according to the policy.

22. Mass Mutual denied coverage for the period from January 1, 2017, to June 4, 2020, notwithstanding the opinion of Dr. Rissover, her treating physical medicine and rehabilitation provider who specializes in Plaintiff's fibromyalgia impairment, regarding Plaintiff's inability to work.

23. The premiums due under the Policy were waived and premiums paid which were due since the commencement of disability were refunded.

24. Subsequently, Mass Mutual had LaVan's file reviewed by its medical consultant, Dr. John Holbrook, who concluded "there was inadequate documentation in the available medical records with which to understand in adequate detail the scope, severity, and chronology of specific functional deficits and/or occupational restrictions and limitations as they pertain to Ms. LaVan's claimed impairment."

25. Dr. Holbrook reviewed the FCE of June 5, 2020, and disputed the conclusions, notwithstanding the fact that Mass Mutual had accepted the FCE when it began payment of benefits.

26. Dr. Holbrook is an internist and emergency room physician and has no training or experience with Plaintiff's medical conditions, has no active medical practice and no hospital privileges.

27. The policy does not require a policy holder have "specific functional deficits" to be disabled.

28. Mass Mutual then referred her claim to Dr. Steven Wunder, a physical medicine and rehabilitation specialist who does not specialize in fibromyalgia, for a review of her medical records and to perform an examination.

29. Dr. Wunder was hired for the review to determine her functional limitations, even though the policy has no requirement prove specific "functional limitations" to be disabled under the policy.

30. Dr. Wunder has no expertise in LaVan's medical conditions or assessing records to determine whether LaVan is able to perform the material duties of her occupation.

31. Mass Mutual knew that Dr. Wunder had no expertise in assessing records or performing a medical examination to determine LaVan's medical condition and whether she was able to perform the material duties of her occupation but retained him anyway.

32. Mass Mutual was aware that Dr. Wunder was biased when it selected Dr. Wunder to review Plaintiff's claim and issue an opinion.

33. Dr. Wunder selectively reviewed records and performed a cursory, inadequate evaluation. After receiving his report, Mass Mutual continued the conspiracy by having Dr.

Holbrook review and endorse Dr. Wunder's findings. Dr. Holbrook then concluded that "the available data did not support the presence of a current occupational impairment," even though the policy did not require such an impairment for Plaintiff to qualify as disabled.

34. Mass Mutual denied LaVan's ongoing claim for benefits by letter of July 21, 2022.

35. The undersigned appealed by letter of January 19, 2023.

36. On appeal, Mass Mutual had Dr. Lise Glading-DiLorenzo, an internist and pediatrician, review Plaintiff's medical records. Dr. Glading-DiLorenzo stated that she was uncertain whether Plaintiff's conditions—chronic neck and back pain, fatigue, and fibromyalgia—supported any occupational limitations or restrictions. As an internist and pediatrician, however, Dr. Glading-DiLorenzo was not qualified to provide an opinion on Plaintiff's specific disabling conditions. Mass Mutual then provided Dr. Wunder with Dr. Glading-DiLorenzo's report, and Dr. Wunder issued an addendum, stating that he knew of no light-duty executive or sedentary work that would allow for frequent sitting and standing adjustments. Dr. Wunder was not qualified to offer such vocational opinions.

37. Dr. Wunder evaluated select records and performed a cursory and substandard evaluation.

38. That after Dr. Wunder provided Mass Mutual with his report Mass Mutual then furthered their conspiracy by having Dr. Holbrook review and endorse Wunder's report.

39. Dr. Holbrook concluded "the available data did not support the presence of a current occupational impairment."

40. The policy does not require a policy holder have an "occupational impairment" to be disabled.

6

41. Mass Mutual's consulting physician, Dr. Glading-DiLorenzo, an internist and pediatrician, who opined "it was uncertain if there is support for occupational limitations and restrictions due to chronic neck and back pain, fatigue and fibromyalgia."

42. That an internist or a pediatrician is not competent or qualified to render such an opinion based on the nature of LaVan's disabling medical conditions.

43. Mass Mutual provided Dr. Wunder with Dr. Glading- DiLorenzo's report and he opined in an addendum that "he knows of no light duty executive work or sedentary work activities that do not allow for some alteration in sitting or standing during the course of the workday."

44. Dr. Wunder is not competent or qualified by virtue of his education, training or experience to render vocational opinions.

45. Mass Mutual provided Dr. Wunder's addendum to Dr. Glading-DiLorenzo and Dr. Glading-DiLorenzo issued her own addendum which relied on Dr. Wunder's opinions.

46. Having now garnered the requisite evidence to support a denial of benefits on the grounds that LaVan was not disabled from her own occupation Mass Mutual prepared in bad faith a letter denying the payment of further benefits to LaVan.

47. Mass Mutual denied the continued payment of benefits by letter of July 21, 2022, and rescinded the waiver of premium.

48. Plaintiff resumed paying the premiums.

49. Plaintiff's claim for total disability benefits, has been wrongfully, maliciously, and intentionally denied by the Defendants in breach of contract.

50. To the extent any exhaustion requirement is found in the Policy, Plaintiff has exhausted all internal appeals and/or any further appeals would be futile.

## **COUNT I – BREACH OF CONTRACT AGAINST DEFENDANT MASS MUTUAL**

51. Plaintiff incorporates as if fully reinstated herein the allegations in paragraphs 1 through 50 of the Complaint.

52. LaVan's medical conditions qualify her to receive residual disability benefits for the period from January 1, 2017, through June 4, 2020.

53. LaVan's medical conditions qualify her to receive total disability benefits for the periods July 3, 2022, and continuing.

54. Mass Mutual breached its contractual obligations, including the contractual obligation of good faith and fair dealing with Plaintiff, by denying disability benefits under its Policy.

55. Mass Mutual retained Dr. Wunder to perform an examination and ratified and adopted his opinions as its own with respect to the LaVan claim.

56. The defendant engaged in and performed unreasonable claim handling practices with respect to the administration of LaVan's claim. Defendants violated the Ohio Unfair Claim Practices Act.

57. As a result of Defendant's' breach, and unreasonable actions LaVan has suffered contractual and consequential damages.

WHEREFORE, Plaintiff LaVan demands judgment for damages against defendant for breach of contract, the payment of benefits for the periods of January 1, 2017, through June 4, 2020, and from July 3, 2020, and continuing together with interest, attorney's fees and costs of suit.

## COUNT II – BAD FAITH AGAINST DEFENDANT MASS MUTUAL

58. Plaintiff incorporates her prior allegations as if fully rewritten.

59. Defendants have, with such frequency as to indicate general business practices, committed multiple unfair insurance claim practices in this matter so as to make it liable to Plaintiff under Ohio law.

60. Defendant have acted wrongfully and unreasonably in the adjusting and handling of Plaintiff's claim.

61. There is no debatable reason for Defendant's denial of residual and total disability benefits due to Plaintiff.

62. Defendant failed to perform an honest fair and objective claim investigation, focusing solely on ways to support a denial of the claim despite knowing Plaintiff was disabled and entitled to benefits.

63. In doing so, Defendant Mass Mutual retained Defendant Holbrook, who is known to be biased in favor of disability carriers, and who was unqualified to address Plaintiff's medical conditions, was retained to bolster the opinions of Wunder and Glading-DiLorenzo.

64. In doing so, Defendant Mass Mutual also retained Defendant Dr. Wunder, who is known to be biased in favor of disability carriers, and who was unqualified to address Plaintiff's medical conditions or reach any vocational conclusions.

65. In doing so, Defendant Mass Mutual also retained Dr. Glading-DiLorenzo, who is known to be biased in favor of disability carriers, and who was unqualified to address Plaintiff's medical conditions, was retained to bolster Holbrook and Wunder's opinions.

66. Defendant Mass Mutual failed to give proper weight to the evidence submitted by Plaintiff or consider her treating physicians' opinions supporting her claim for disability benefits.

67. In administering Plaintiff's claim, Defendant failed to treat Plaintiff's interests equal to their own, in good faith, and intentionally disregarded the applicable terms of the policy.

68. Mass Mutual relied on biased and factually inaccurate medical reviews by Drs. Holbrook, and Glading-Di Lorenzo and the medical examination by Dr. Wunder, to justify the termination of benefits.

69. Mass Mutual failed to provide reasonable assistance to its insured by timely, fully and honestly disclosing the criteria under which claims are evaluated and under which coverage may be provided.

70. Mass Mutual knew that an honest, and good faith evaluation of Plaintiff's claim would require the conclusion that she was disabled and entitled to benefits but denied her claim knowing the bases for their denials were unfair, improper, and unreasonable.

71. Mass Mutual wrongfully failed and refused to pay residual and total disability benefits due to Plaintiff.

72. Mass Mutual committed the independent tort of bad faith in the handling and adjusting of Plaintiff's disability claim.

73. Mass Mutual did not employ reasonable standards for the prompt and accurate investigation, processing and payment of the Plaintiff's claim.

74. Mass Mutual and Drs. Wunder, Holbrook and Glading-DiLorenzo did not objectively evaluate the Plaintiff's claim to wit:

    a. Defendant ignored medical evidence from the treating physician in evaluating Plaintiff's claim.

    b. Defendant intentionally misrepresented the evidence to their providers in order to obtain information to use to support a wrongful denial of benefits.

      c. Defendant made unreasonable and unnecessary requests for additional information that does not exist and delayed in the processing of LaVan claim; and

      d. Defendant used standards of disability not required under terms of the disability policy.

75. Mass Mutual's denial of benefits is based on corporate policy to find ways to limit benefits.

76. Mass Mutual's claims handling practices promote denials and terminations at the expense of the insured.

77. As a result of Mass Mutual's unreasonable claims handling, their intentional failure to honor the contract, and their violations of the duty of good faith and fair dealing, Mass Mutual committed the independent tort of bad faith.

78. As a result of Mass Mutual's common law bad faith violations, LaVan has suffered consequential losses.

79. Mass Mutual's actions in terminating LaVan's benefits were made without any reasonable basis and in reckless disregard of the lack of any reasonable basis to warrant punitive damages.

WHEREFORE, Plaintiff LaVan demands judgment for damages against Defendant for the independent tort of bad faith, compensatory and consequential damages, and all such other damages available by law, together with interest, attorney's fees and costs of suit.

**COUNT THREE- EXEMPLARY DAMAGES AGAINST DEFENDANT MASS MUTUAL**

80. Plaintiff incorporates her prior allegations as if fully rewritten.

81. The Defendant's conduct was intentional, reckless, and outrageous, showing a blatant disregard for Plaintiff's wellbeing and rights.

82. At the time Defendant undertook their actions with respect to LaVan, they knew that serious emotional and financial harm would arise from their conduct in denying benefits to her.

83. Due to the conduct of Defendant, LaVan has suffered emotional distress which is highly detrimental to her medical condition and wellbeing.

84. Defendant's actions have had severe impacts on her finances.

WHEREFORE, Plaintiff LaVan demands judgment for damages against Defendant for the punitive and all such other damages available by law, together with interest, attorney's fees and costs of suit.

## COUNT FOUR – TORTIOUS INTERFERENCE WITH CONTRACT AGAINST DEFENDANT MASS MUTUAL

85. Plaintiff incorporates her prior allegations as if fully rewritten.

86. Mass Mutual, has improperly and knowingly interfered with the contractual relationship between Plaintiff and Mass Mutual.

87. The improper interference includes, without limitation, their intentional and tortious misrepresentation of the medical records and evidence they collected to justify a claim denial, ignoring the objective evidence submitted by LaVan which proved that she qualified for disability benefits, use of biased and unqualified medical providers in order to obtain information to use to support a wrongful denial of benefits, and tortuous and

intentionally misleading and faulty investigation focused on creating support for a denial of benefits.

88. Defendant has an improper financial motivation to influence a denial of the LaVan claim.

89. Due to the conduct of Defendant, LaVan has suffered emotional distress. which is highly detrimental to her medical condition and wellbeing.

90. Defendant's actions have had severe impacts on her finances.

WHEREFORE, Plaintiff LaVan demands judgment against Defendant for compensatory damages, consequential damages, all other available damages for tortuous interference with contract, attorneys' fees, costs, and such other relief as the court deems equitable and just.

**COUNT FIVE – CIVIL CONSPIRACY AGAINST DEFENDANT MASS MUTUAL**

91. Plaintiff incorporates her prior allegations as if fully rewritten.

92. Mass Mutual, Dr. Wunder, Dr. Holbrook and Dr. Glading-DiLorenzo acted in concert with each other and conspired to deny Plaintiff her disability benefits, maliciously conspiring to obtain a medical review of the claim and examination of LaVan to produce a false conclusion and pretextual basis for wrongfully denying her disability benefits.

93. As part of this conspiracy, Defendant intentionally disregarded the objective and sufficient evidence Plaintiff submitted, which proved that she qualified for disability benefits; conducted a tortuous and intentionally misleading and faulty investigation which focused on creating support for a denial, intentionally hired Wunder to perform

an examination and prepare reports indicating that LaVan was not disabled and intentionally hiring Glading-Di Lorenzo and Holbrook to endorse Wunder's baseless opinions.

94. Defendant acted in concert with Wunder, Holbrook and Glading-DiLorenzo with the intention of fabricating baseless denial of disability benefit income for which Plaintiff was due under the terms of the policy.

95. Due to the conduct of Defendant, LaVan has suffered actual damages in the form of unpaid benefits as well as emotional distress which is highly detrimental to her medical condition and wellbeing. Defendant's actions have had severe impacts on her finances.

WHEREFORE, Plaintiff LaVan demands judgment for damages against Defendant for the independent tort of civil conspiracy, for all available damages together with interest, attorneys' fees, costs.

## **PRAYER FOR RELIEF**

WHEREFORE Plaintiff Jennifer LaVan Huxol demands judgment against Defendant Massachusetts Mutual Life Insurance Company as follows:

A. Grant Plaintiff's judgment declaring Mass Mutual has breached the terms of its contract and Plaintiff is entitled to benefits for the periods of January 1, 2017, through June 4, 2020, and continuing from July 3, 2020, onward.

B. Pay all pre-and post-judgment interest.

14

C. Award compensatory damages for Defendant extra contractual liability for improperly investigating, adjusting, and refusing to pay benefits under the Policy in bad faith.

D. Award compensatory damages for Defendant's tortuous interference with a contract.

E. Award punitive damages in an amount determined for Defendant's bad faith handling and investigation of Plaintiff's claim;

F. Grant Plaintiff her attorney's fees and costs, and

G. Award any and all such other and further relief as this court may deem just and equitable under the circumstances.

Date: December 16, 2024

/s/ *Claire W. Bushorn Danzl*
Clarie W. Bushorn Danzl, Esq. (0087167)
*Attorney for Plaintiff*
The Bushorn Firm, LLC
8110 Sycamore Street
Cincinnati, OH 45202
Phone: (513) 827-5771
Fax: (513) 725-1148
E-mail: cbushorn@thebushornfirm.com
Local counsel to Plaintiff